UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

CASE NO.: 8:11-cr-545-T-24MAP

vs.

ELADIO GABINO JIMENEZ
SOLORZANO

_____/

**ORDER**

Before the Court is Defendant Eladio Gabino Jimenez Solorzano's *pro se* motion for reconsideration (Doc. 109) of the Court's March 24, 2017 order (Doc. 106) denying Defendant's motion for a sentence reduction in light of clarifying amendment 794 to § 3B1.2 of the United States Sentencing Guidelines (the "Guidelines") (Doc. 105). For the following reasons, the motion for reconsideration is **DENIED**.

On February 22, 2012, Defendant was sentenced to 121 months' imprisonment[1] followed by five years' supervised release after pleading guilty to conspiracy to possess with an intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503(a), 46 U.S.C. § 70506(a)–(b), and 21 U.S.C. § 960(b)(1)(B). (Docs. 28, 51). On December 3, 2012, the Eleventh Circuit dismissed Defendant's appeal due to a valid appeal waiver contained in his plea agreement. (Doc. 77). Defendant subsequently argued that the Court should reduce his sentence based on the policy considerations

---

[1] On March 13, 2016, the Court granted Defendant's motion for retroactive application of sentencing guidelines pursuant to Amendment 782 and reduced his sentence to 120 months. (Doc. 95).

1

underlying Amendment 794, which amended the commentary to § 3B1.2 of the Guidelines and clarified the factors to be considered for a minor-role adjustment. (Doc. 105). The Court denied Defendant's motion. (Doc. 106). Defendant now moves for reconsideration of this Court's order denying his motion for a sentence reduction.

A motion to reconsider is justified if there is (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or to prevent manifest injustice. *Williams v. United States*, 2011 WL 839371, at *1 (M.D. Fla. Mar. 7, 2011). The Court notes that reconsideration of a previous order is an extraordinary remedy to be employed sparingly. *See id.* (citations omitted).

As explained in this Court's order denying Defendant's motion for a sentence reduction, Clarifying Amendment 794 is "an amendment to the commentary, and not to the text, of the Guidelines." *United States v. Cruickshank*, 837 F.3d 1182, 1194 (11th Cir. 2016). Thus, "Amendment 794 merely clarified the factors to be considered for a minor-role adjustment, and did not substantively change [§ 3B1.2]." *Id.* As a clarifying amendment, Amendment 794 is considered on direct appeal. *Id.* But because Defendant's motion for a sentence reduction was not a direct appeal, this Court denied the motion. (Doc. 106).

Defendant argues that because Amendment 794 was not available to him at the time he filed his direct of appeal, a minor role reduction is warranted in order to prevent manifest injustice. This is simply a rehashing of the arguments made in Defendant's motion for a sentence reduction. Moreover, each of the cases cited by Defendant in his motion for reconsideration concern direct appeals and are not applicable here. Defendant has not presented any valid basis for why the Court should reconsider its prior order, and his motion therefore falls short of the required showing for

reconsideration. Accordingly, Defendant's motion for reconsideration of this Court's order is **DENIED.**

DONE AND ORDERED at Tampa, Florida, this 17th day of April, 2017.

*[signature: Susan C. Bucklew]*
SUSAN C. BUCKLEW
United States District Judge

**Copies furnished to:**

*Pro Se* Defendant